Instead, we'll get started right away with Lfoundry Rousset v. Atmel Corporation. Good morning, Your Honor. Distinguished member of this Court. You don't need to stand quite that close to the microphone. May it please the Court, my name is Philippe Pradal and I am attorney for plaintiff appellants in this litigation, some of whom have traveled to be here today. Although this is the second time this case reaches this Court, we do not contest here today that our claims have been dismissed by the Court below on foreign non-convenience grounds. We do not contest either that this Court has confirmed the conditional dismissal of the district court based on the critical condition that defendants appellee consent to the jurisdiction of French courts. However, we stand before your Court today because the question as to whether defendant appellee Lfoundry can tell the French Court that this case should be heard in New York has not been examined. Well, it was examined when you were last before the Court because the panel discussed the evidence you put before the Court on that occasion. If I recall correctly, Your Honor, the last time we were before your Court represented a motion for judicial notice of certain arguments that were made by defendant appellee Lfoundry and these documents that were part of our motion for judicial notice have not been accepted by the Court. We do not have a ruling on — we did not have a ruling on our motion for judicial notice. I looked at the record and there is no official ruling on it, but it was extensively discussed at oral argument, so it was effectively accepted. I mean, I also don't know how the panel could have ruled as it did without basically accepting the papers and ruling that there had been a consent to jurisdiction in France and that your arguments to the contrary did not have merit. You know, I understand you disagree with that, but to the extent that those arguments that they were litigating in France while they had made a representation in the United States, wasn't that all considered by the prior panel? I don't think so, Your Honor. The district court decision was confirmed by a summary order which states the grounds on which this Court has deemed reasonable to confirm the district court's decision below. And in those grounds, there is no mention whatsoever about the new evidence that we discussed during the hearing. Instead, what the decision clearly says is that it agreed — The issue was discussed during the hearing, right? Yes, Your Honor, but my — It was acknowledged that the defendants just didn't want to be litigating in two places at the same time and that otherwise they had no objection to being in France. That was discussed during the oral argument? During the oral argument, my perception is that we discussed whether or not to take into consideration this evidence. I hear that Your Honor, who was present during the previous panel, considers that the arguments were made and taken into consideration. However, it's not within the summary order. But the summary order has a catch-all after an extensive discussion of the other arguments made. It says, of finding no merit in plaintiff's other arguments, which, as we've just said, were extensively considered. So do you think they needed to say something explicit about the Liz Pendon's motion in order for that to count? I believe so, Your Honor, because the only reading I can have was that our motion for judicial notice has been denied. Because since it was never accepted, the argument that is formally on record is our motion for judicial notice. Let me ask you this, and it kind of leapfrogs to practically what's going to happen in this case. To the extent that the last panel said that they had agreed to jurisdiction in France, they represented to that panel that they didn't want to litigate in two places at once, that once this United States litigation was final, they would withdraw the French opposition. Now, if they don't do that, then you would have a basis for a Rule 60b motion in front of the district court. So why isn't that the appropriate way to let this play out, that the American action ends, they've represented that when that happens, they'll withdraw their opposition in France, and if they don't do that, you can come back to the United States court with the Rule 60 motion? With all due respect, Your Honor, I don't think it was necessary to make that representation to this panel to actually do what they said they would be doing. The dismissal is final unless your court reverts the dismissal, and they have not been compliant with the dismissal at all, and my problem is that as of today, their opposition still stands. Now, of course, we could wait whether – They're not objecting to personal jurisdiction. Their objection, and that was what the commitment was that they had made, that they would consent to personal jurisdiction. What they are objecting to is proceeding in two fora at the same time. Why does that contravene the original order? Well, Your Honor, under French law, before French courts, it's actually contesting the core of the jurisdiction. The argument is the New York court was seized first by this matter. You've been seized second, and you choose to seize and send the case back to New York. That's the argument that was made in France. It's jurisdictional that the court must – the second court in order must decline jurisdiction, but as Judge Ranchi says, doesn't that play out perfectly adequately in light of U.S. law as well if these proceedings end and they do not – and they exceed to going forward in the French courts? And if they don't exceed to going forward in the French courts, then you come back here and complain. But we're not at that point. Well, Your Honor, if I may, this reading of the law that my opponents are trying to impose on this court is highly inefficient on the doctrine of firm nonconvenience. My understanding of the firm nonconvenience doctrine is once – especially in conditional dismissal, once they make a commitment to the district court, especially while the order stays in place, it is not up to them to decide in France not to abide by what they said here in New York just because we call into question the decision of the district court. All right. I know you want to reserve some time, so let's hear what your opponent has to say and then we'll give you a chance to rebut. Good morning, Your Honor. Sam Rubin from Goodman Proctor for the Atmel Appellees. With me, Marshal Fishman. The Atmel Appellees have no opposition pending in France, and Mr. Perdal doesn't claim otherwise. You have no opposition pending in France? What is pending in France? The lease pendants application is L. Foundry's, our co-defendant in this case. The Atmel Dependents— My mic has gone. Okay. Thank you. The Atmel Dependents did not interpose that defense. We agree with the comments of the panel that the issues were thoroughly considered in the first appeal. They were not only discussed at oral argument, they were presented to the court in several letter submissions, two requests for judicial notice that were both referred to the merits panel. It was featured in the reply briefing and prominently at oral argument as well as in post-argument submissions. We would respectfully submit that it was before the court and resolved by the first appeal. If there are no other questions, thank you for your time. Your Honor, it's Gregory Houser from Wershengaring for L. Foundry. At this point, Your Honor, I don't think there's really much more to say beyond what I said in my last letter to the first panel, that once this case is over, French counsel for my client will withdraw the Liz Pendon's applications, and this can go forward as it should. And at what point do you think this case is over? You have a judgment of dismissal from the district court, so what are you waiting for to withdraw from your opposition? For all proceedings here to get to the point where there can be no more proceedings. What does that mean? That means a final decision from this court, and either expiration of the application time for a rehearing en banc and certiorari, or else, if those applications are made, that they be resolved. Okay. As I said in my letter. Anything else? No, unless there's any questions from the panel, no. Thank you. Verdal, you do have time for rebuttal. Thank you, Your Honor. Essentially what we oppose is the logic that defendants have just exposed to you, that despite that there is a decision that is being enforced, i.e., our dismissal from non-competent grounds, they get to choose how we should use our procedural rights before they decide to comply with the district court's order. It is unprecedented. In fact, I think beyond . . . You want them to comply with the order while you're challenging parts of it. Absolutely. The refusal to reconsider it. Why is that sensible? Why should they have to comply with something that you're challenging? Well, Your Honor, because it's their challenge that caused our Rule 60 motion in the first place. If we look at the timing, what happened was we were dismissed and we challenged the merits of the dismissal as it was our right to do so. Now, while the appeal was pending, for some reason I cannot comprehend except that defendants are trying to avoid jurisdictions of any court. They went up to a French judge and they said, no, no, no, this case should be heard in New York. Now, defendants in this case are represented by two different firms. I'm not sure they talk to each other, in fact, that much, but they've actually held positions very differently. Did they actually tell the French court that they preferred to be in New York, or did they say, well, you don't want to be in two places at one time? Well, Your Honor, the transcripts, the translations of the transcripts are within the docket. Our understanding is that what they said in France was a sign of preference because it is not what they've – they've tried to portray their defense in France as something automatic. It's not the first time that French plaintiffs are before a U.S. court. It's not the first time that they are dismissed on form of nonconvenience. However, it's probably the first time, at least that's what my research is telling me, that a defendant holds such a contrary position back in the alternative jurisdiction. And if there were not to have raised that opposition, which is completely willful from them, the case would have proceeded. So in other words, it is our perception that they are instrumentalizing the rules of procedures to try to avoid jurisdiction in both countries. How do you think the case could have proceeded here in New York while you were appealing? No, sorry. Nothing would have proceeded in New York while you were appealing and challenging the order, right? No, no. Well, they could have proceeded the case in France. What happened, Your Honor, is the following. After we got dismissed – And if you succeeded on your challenge, what would you have done? Pulled it back to New York? The intention – here's what happened. We asked the French court to recess, to suspend the examination of this case because we had an appeal pending. Interestingly enough, the defendant opposed that suspension to introduce the defense of lease pendants, which is an end to the case. …in France right now either. Is that right? Your Honor, we think that we made the right choice when we picked that court initially. Now, we've been told that it wasn't the right choice, and we've been told this twice. But am I correct that you asked the French court to suspend proceedings while you pursued these appeals? Absolutely. And the response of the defendant was an opposition to the suspension and a motion to have the case completely dismissed for lease pendants grounds, which tells you that if, in fact, they would be willing to submit to the French jurisdiction, they would have said, Look, French court, we agree to postpone. We will win this appeal on the merits, and when we will do so, we'll come back and see you. Instead, what they've done is we certainly – please do not postpone, but dismiss the case once and for all here. And so they've held all those different positions at the same time. Thank you very much to all counsel. We'll take the matter under advisement and try to get you a decision quickly. Thank you.